AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 3:11-CR-109 |
| Tyler Warrington | ) | |
| *Defendant* | ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

X for which a maximum prison term of ten years or more is prescribed in 21 U.S.C. § 841(a)(1) and _____ .

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

X  under 18 U.S.C. § 924(c).

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)  There is a serious risk that the defendant will not appear.

☐ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by    X  clear and convincing evidence       a preponderance of the evidence that

that the Defendant is a danger to the community and by a preponderance of the evidence that the Defendant is a flight risk. Please see the attached Statement of the Reasons for the Court's findings on the reasons for detention in this case.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:    September 13, 2011

_Judge's Signature_

United States Magistrate Judge C. Clifford Shirley, Jr.

*Name and Title*

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Part II— Statement of the Reasons for Detention

The offenses charged in the Indictment involve drug trafficking and firearms charges for which the maximum prison term exceeds ten years. Accordingly, a presumption that no condition will reasonably assure the Defendant's appearance and the safety of the community applies in this case. 18 U.S.C. § 3142(e)(3)(A)-(B). Although the Court finds that the Defendant to some degree rebutted the presumption that no condition will reasonably assure the Defendant's appearance and the safety of the community, the Court finds that the testimony and information submitted at the detention hearing establishes by clear and convincing evidence that the Defendant is a danger to the community, and by a preponderance of the evidence that the Defendant is a flight risk.

The Court must weigh the factors found in 18 U.S.C. § 3142(g) when determining whether a defendant is detained or released pending trial. In this case, the nature and circumstances of the offenses charged argue in favor of the Defendant's detention, as they involve controlled substances and firearms. 18 U.S.C. § 3142(g)(1).

The weight of the evidence of the Defendant's dangerousness[1] also argues in favor of detention. 18 U.S.C. § 3142(g)(2). The Defendant has a prior felony drug conviction, and the current charges alleged against the Defendant are serious in nature. Per the unrebutted testimony of DEA Special Agent Bethel Poston, when the Defendant's condominium was searched, law enforcement found large quantities of various types of narcotics (including 1,000 oxycodone pills on the Defendant's person), two loaded firearms, items indicating the planning and the capability to make false identification cards, and a Whizzinator, often used to fraudulently cheat drug tests. Additionally, through information in part provided by the Defendant, law enforcement officers discovered large quantities of cash belonging to the Defendant in various locations, including safe deposit boxes.

The Court considered the history and characteristics of the Defendant and finds that this factor further argues in favor of detention. 18 U.S.C. § 3142(g)(3)(A). The Court finds that while the Defendant's strong family and community ties might indicate that the Defendant does not pose a serious risk of flight, other factors, such as the presence of false identification manufacturing mechanisms, blank plastic cards, and other false identification cards, the Defendant's rented apartment in Atlanta, the large sums of cash located by law enforcement, and debts still owed to the Defendant, indicate otherwise. Additionally, the Court finds that this factor indicates that the Defendant poses a serious risk of danger to the community. Having apparently been unemployed for the past year, the Defendant's lack of employment and lack of legitimate financial resources, coupled with the large sums of cash recovered, indicate income earned through illegal activities and argue in favor of detention. The Defendant has a previous felony drug conviction and a history of drug abuse. While the lack of evidence of any failure to appear weighs in his favor, the Defendant violated his prior federal supervised release when he was charged with driving under the influence in 2007. 18 U.S.C. § 3142(g)(3)(B).

Finally, the nature and seriousness of the Defendant's dangerousness to the community weighs in favor of detention. 18 U.S.C. § 3142(g)(4). Drug trafficking alone is a "serious offense that, in itself, poses a danger to the community." Stone, 608 F.3d at 947, n.6. Here, in addition to the allegations and evidence of a prior federal conviction for drug trafficking and the current drug trafficking charge, loaded guns, large amounts of cash found scattered in different locations, the testimony that the Defendant is owed debts by others in the drug trade, the circumstance that the drugs and other items the Defendant told law enforcement were in

---

[1]See United States v. Stone, 608 F.3d 939, 948-49 (6th Cir. 2010).

his Atlanta apartment were inexplicably "cleaned out" close in time to the Defendant's arrest, and the Defendant's possession of a drug-test-cheating mechanism, false identification cards, and equipment related to and admission of plans to engage in creating such false identification cards, all indicate a clear and present danger to the community and the substantial risk of his flight and non-appearance. Additionally, this evidence shows an effort to skirt the law by the Defendant, indicating his inability and unwillingness to adhere to any conditions that might be imposed on him by this Court.

Therefore, the Court finds that the evidence and other information provided at the hearing established by clear and convincing evidence that the Defendant poses a serious risk of danger to the community or another person, and established by a preponderance of the evidence that the Defendant is a risk of flight and non-appearance. Accordingly, no condition or combination of conditions will reasonably assure the safety of individuals or the community if the Defendant were released on bond. The Defendant shall be detained pending trial.

I further considered potential conditions that could be imposed on release, but find that no conditions of release, including the condition of sending the Defendant to a 28-day in-patient drug treatment program at Cornerstone, followed by living in his parent's home with them serving as his third-party custodians, as suggested by the Defendant, would reasonably assure the Defendant's appearance or the safety of another person or the community. 18 U.S.C. § 3142(e). The Defendant has previously had drug treatment without success, and he has the ability and inclination to flee in light of the amount of time he is facing, his contacts and familiarity with drug trafficking, false identification manufacturing, firearms, a residence unknown to his parents in Georgia, and potential access to additional sums of money (either hidden, missing from the Georgia residence, or due in debts). The Defendant could have the opportunity to walk away from Cornerstone at any time, and even if he completed the proposed program there, his parents could hardly guarantee his appearance or lack of danger due to their past inability to control him or his actions, their lack of knowledge of his activities, and his refusal to modify his actions to conform to their instructions or wishes.