# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:11-CR-109 |
| TYLER WARRINGTON, and CHERYL CHIPLEY, | ) ) ) ) | (PHILLIPS/SHIRLEY) |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 26, 2011, for a pretrial conference and a hearing on Defendant Warrington's Motion to Continue Trial Date and All Associated Internal Deadlines [Doc. 12] and Defendant Chipley's Motion for Continuance [Doc. 13], both filed on October 7, 2011. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney David M. Eldridge represented Defendant Warrington, who was present. Attorney Ann C. Short represented Defendant Chipley, who was also present.

In their motions, the Defendants ask the Court to continue the November 9, 2011 trial date in this case because the discovery they have received is significant, and the parties continue to review that discovery and investigate the case at this time. Additionally, the Defendants assert that the alleged length of the conspiracy charged in the indictment and the severity of the charges require that counsel receive additional time to prepare pretrial motions in this matter, beyond the October

1

7, 2011 motion-filing deadline. Defendant Chipley's motion additionally asserts that she requires additional time to prepare for trial in light of her anticipated entry into an outpatient substance abuse treatment program, after which counsel may engage in more meaningful discussions with her about the charges against her and any motions to be filed in this case. At the hearing, the attorneys for both Defendants stated that the Defendants understand their speedy trial rights with regard to this extension, and both Defendants confirmed that understanding. Further, both attorneys stated that they believe the extension to be in the best interest of the Defendants. Each Defendant was questioned by the Court, and both expressed a full understanding of the reason for the requested continuance and that they requested the case be continued. Defendant Warrington further indicated that he understands that he will remain in custody pending the new trial date. The Government both responded [Doc. 14] and expressed again at the hearing, that it had no objection to the requested continuance. The parties agreed to a new trial date of April 24, 2012, and all attorneys agreed that all time between the filing of the motions to continue and the new trial date would be fully excludable time under the Speedy Trial Act.

The Court finds the motions for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Both Defendants initially appeared for arraignment in this case on September 9, 2011, and Defendant Warrington was detained following a detention hearing on September 13, 2011. Counsel for each Defendant received a significant amount of discovery on September 16, 2011, and both attorneys continue to review the discovery and analyze the legal issues in this case at this time. The Court finds that counsel for each Defendant requires additional time to review discovery and prepare and litigate pretrial motions. The Court agreed with

the Defendants' joint request for approximately sixty additional days to pursue motions (December 30, 2011) and two weeks thereafter for the Government to file its responses (January 13, 2012). Accordingly, the Court has scheduled a motion hearing for January 20, 2012, at 10:30 a.m., to hear argument on any motions filed in this case. Following this hearing, the Court will need time, not to exceed thirty days, to file its order and in the case of a suppression or dispositive motion, to file a report and recommendation. 18 U.S.C. §3161(h)(1)(H). Upon the filing of the report, the parties will need time to file any objections, and the District Court will need time to rule upon the motions in light of the report and any objections. The parties will then still need time to prepare for trial in light of the Court's rulings. The Court finds that all of this cannot take place before the current trial date. In light of the amount of preparation remaining and to preserve continuity of counsel, the Court finds that the Defendants could not be ready for trial by November 9, 2011, or in less than four and one half months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for the Defendants of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Warrington's Motion to Continue Trial Date and All Associated Internal Deadlines **[Doc. 12]** and Defendant Chipley's Motion for Continuance **[Doc. 13]** are **GRANTED**. The trial of this matter is reset to **April 24, 2012**. The Court also finds that all the time between the filing of the Defendants' motions on **October 7, 2011**, and the new trial date of **April 24, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). A new motion-filing deadline is set for **December 30, 2011**, with responses due on or before **January 13, 2012**. A motion hearing and pretrial conference before the undersigned is set for **January 20, 2012, at 10:30 a.m.** The deadline for

reciprocal discovery in this case will be **January 20, 2012**, as well. The plea agreement cut-off deadline in this case is **March 23, 2012**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **April 9, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **April 13, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Warrington's Motion to Continue Trial Date and All Associated Internal Deadlines **[Doc. 12]** and Defendant Chipley's Motion for Continuance **[Doc. 13]** are **GRANTED**;

(2) The trial of this matter is reset to commence on **April 24, 2012, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the Defendants' motions to continue on **October 7, 2011**, and the new trial date of **April 24, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A new motion-filing deadline is set for **December 30, 2011**, with responses due on or before **January 13, 2012**;

(5) A motion hearing and pretrial conference before the undersigned is set for **January 20, 2012, at 10:30 a.m.**;

(6) The deadline for reciprocal discovery in this case is **January 20, 2012**;

(7) The plea agreement cut-off deadline in this case is **March 23, 2012**;

(8) Motions *in limine* must be filed no later than **April 9, 2012**; and

(9) Special requests for jury instructions with the appropriate citations to authority shall be submitted to the District Court no later than **April 13, 2012**.

**IT IS SO ORDERED.**

          ENTER:


           s/ C. Clifford Shirley, Jr.
           United States Magistrate Judge